IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

ABT HOLDING COMPANY and REGENTS )
OF THE UNIVERSITY OF MINNESOTA, )
                                    )
            Plaintiffs, )     C.A. No.
                                    )
     v. )
                                      )
GARNET BIOTHERAPEUTICS, INC., )
                                      )
            Defendant. )

## COMPLAINT

      Plaintiffs ABT Holding Company and Regents of the University of Minnesota complain

against Defendant Garnet BioTherapeutics, Inc., as follows:

## NATURE OF THE ACTION

      1.     This is a timely-filed action under 35 U.S.C. §146 to review and correct the

Decision and Final Judgment of the Patent Trial and Appeal Board (hereinafter "PTAB") of the

United States Patent and Trademark Office in Interference No. 105,953, declared on June 26,

2013, entitled "Tony W. Ho *et al*, Junior Party v. Leo Furcht *et al*, Senior Party (hereinafter the

"'953 Interference").

## THE PARTIES

      2.     Plaintiff ABT Holding Company ("ABT") is a corporation organized under the

laws of Delaware, and is a wholly owned subsidiary of Athersys, Inc., which is also a Delaware

Corporation.  ABT has a principal place of business at 3201 Carnegie Avenue, Cleveland, OH

44115-2634.

      3.     Plaintiff Regents of the University of Minnesota ("Regents") is a corporation

organized under the laws of Minnesota, having a principal place of business at 600 McNamara

Alumni Center, 200 Oak Street S.E., Minneapolis, MN 55455.

4.      Upon information and belief, Defendant Garnet BioTherapeutics, Inc. ("Garnet") is a corporation organized under the laws of the State of Delaware, having its principal place of business at 490 Lapp Road, Malvern, PA 19355.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this suit under 35 U.S.C. §146, and 28 U.S.C. §§ 1331 and 1338(a).

6.      This Court may exercise personal jurisdiction over Garnet based, on information and belief, on its maintaining systematic and continuous business contacts with the State of Delaware, and has purposefully availed itself of the benefits and protections of the laws of Delaware, rendering it at home in Delaware.

7.      Venue is proper in this judicial district under 28 U.S.C. §1391(b) – (c).

## FACTS GIVING RISE TO THE COMPLAINT

8.      ABT and Regents are the assignees of U.S. Patent No. 7,659,118 (the "Furcht '118 Patent"), U.S. Patent No. 7,015,037 (the "Furcht '037 Patent"), and U.S. Patent Application Serial No. 11/084,256 (the "Furcht '256 Application") listing Leo T. Furcht, Catherine M. Verfaillie, and Morayma Reyes as inventors.  ABT enjoys the power and the right to prosecute the '118 Patent, the '037 Patent, and the '256 Application, including contesting interferences.

9.      Garnet is the assignee of U.S. Patent Application Serial No. 10/251,685 (the "Ho '685 Application") listing Tony W. Ho, Gene C. Kopen, William F. Righter, J. Lynn Rutkowski, Joseph Wagner, W. Joseph Herring, and Vanessa Ragaglia as inventors, and U.S. Patent Application Serial No. 09/960,244 (the "Ho '244 Application") listing Tony W. Ho, Gene C. Kopen, William F. Righter, J. Lynn Rutkowski, and Joseph Wagner, as inventors.

2

10.     The PTAB declared Interference 105,953 on June 26, 2013.  Furcht et al were designated as the Senior Party, and Ho et al were designated as the Junior Party.  Claims 1-11, 57-60, and 63 of the Ho '685 Application, and Claims 14, 21, 25, 26, and 97 of the Ho '244 Application were designated as corresponding to a single Count made up of Claim 1 of the Furcht '118 Patent, Claim 124 of the Furcht '256 Application, Claim 1 of the Furcht '037 Patent, Claim 1 of the Ho '685 Application, or Claim 14 of the Ho '244 Application.  Claims 1-9 and 12 of the Furcht '118 Patent, Claims 124-129 of the Furcht '256 Patent, and Claims 1-5 of the Furcht '037 Patent were designated as corresponding to the Count.

11.     As part of the Interference process, parties may file motions that do not specifically address priority.  Furcht did not file any such motions, but Ho filed three: (1) Motion 1 that there is no interference-in-fact between any Ho claim and any Furcht claim, (2) Motion 2 that all of the Furcht claims are unpatentable based on a lack of written description and enablement, and (3) Motion 3 that Furcht was not entitled to benefit of the earliest filed Furcht application for which Furcht had been given benefit in the Notice declaring the Interference. Furcht opposed Motions 1 and 2, but not Motion 3.

12.     On September 26, 2014, the PTAB entered its Decisions on Motions (Paper 212).[1] The decisions were adverse to Furcht (ABT and Regents) and favorable to Ho (Garnet), wherein the PTAB erroneously ruled, contrary to fact and law:

    a.  That the Furcht '037 Claims are not supported by an adequate written description;

    b.  That the Furcht '118 Claims are not supported by an adequate written description;

---

[1] The PTAB's Decision is attached hereto as Exhibit 1.

   c.   That Claim 124 of the Furcht '256 application lacked adequate written description;

   d.   That there is no interference-in-fact between Claim 1 of the Furcht '037 Patent versus Claim 1 of the Ho '685 application and Claim 14 of the Ho '244 application; and

   e.   That there is no interference-in-fact between Claim 1 of the Furcht '256 application versus Claim 1 of the Ho '685 application and Claim 14 of the Ho '244 application.

13.    Based thereon, the PTAB on September 26, 2014, determined that it was appropriate to enter judgment (Paper 214) against Furcht (ABT and Regents), and that Claims 124-129 of Furcht's '256 Application, be finally refused under 35 U.S.C. 135(a), and that Claims 1-9 and 12 of Furcht's '118 Patent, and Claims 1-5 of Furcht's '037 Patent be cancelled under 35 U.S.C. 135(a).[2]

14.    While ABT and Regents believe the decisions with respect to a lack of written description for the Furcht Claims are incorrect, if they are correct, then Claims 1-11, 57-60 and 63 of the Ho '685 Application and Claims 14, 21, 25, 26 and 97 of the Ho '244 Application are likewise not supported for the breadth of the claims under 35 U.S.C. 112, first paragraph. Specifically, the Ho Applications do not describe and enable the full scope of their claims, in that they do not describe or enable cells that co-express CD49c and CD90 and maintain a doubling rate of less than about 30 hours after 30 cell doublings on the same population of cells in the manner required by the PTAB in its decision in the Interference.

---

[2] A copy of the Judgment is attached hereto as Exhibit 2.

a.  The Ho '685 and '244 applications do not describe or enable methods of obtaining all cell types defined by the recited parameters without further recitation of additional markers present and/or absent on the cells.   For example, Ho argued in its Motions that its cells "(a) are negative for surface marker CD10, and (b) positive for surface markers CD44, HLA-class 1 and beta 2-microlglobulin."  (Ho Motion 1 at sentence bridging pp. 21-22.)

b.  The Ho '685 and '244 applications do not describe or enable cells that both express CD49c and CD90 and simultaneously have a doubling rate of less than about 30 hours after 30 cell doublings.  Notably, Example 1 of the Ho '685 and '244 applications tests cells for expression of CD49c and CD90, but does not test for doubling rate.   Example 4 of the Ho '685 and '244 applications demonstrates a doubling rate, but does not test the cells for expression of CD49c and CD90.   Nowhere in the Ho '685 and '244 applications does Ho test the same cell population for both marker expression and doubling rate.

15.    In addition to the reasons enumerated in paragraph 14, Claims 1-11, 57-60 and 63 of the Ho '685 Application and Claims 14, 21, 25, 26 and 97 of the Ho '244 Application are also not supported under 35 U.S.C. 112, first paragraph, because the Ho Applications do not describe and enable cells that "maintain" the recited doubling rate of "less than about 30 hours after 30 cell doublings."   Specifically, nowhere in the Ho '685 and '244 applications does Ho test the same cell population over time, to show that the Ho cells (1) maintain a doubling rate of less than 30 hours after 30 cell doublings, (2) maintain expression of CD49c and CD90, and (3) maintain

5

expression of CD49c and CD 90 at the same time that they maintain a doubling rate of less than 30 hours after 30 cell doublings.

16.     Regardless of whether the Furcht Claims have written description for their full scope, Claims 1-11, 57-60 and 63 of the Ho '685 Application and Claims 14, 21, 25, 26 and 97 of the Ho '244 Application are nevertheless unpatentable under 35 USC 102(e)/103(a) in view of U.S. Patent No. 7,015,037, issued March 21, 2006 ("the Furcht '037 patent") and/or U.S. Patent No. 7,838,289, issued November 23, 2010 ("the Furcht '289 patent).

17.     In addition, or alternatively, Claims 1-11, 57-60 and 63 of the Ho '685 Application and Claims 14, 21, 25, 26 and 97 of the Ho '244 Application are unpatentable under 35 USC 103(a) over one or more of:

- The Furcht '037 patent, the Furcht '289 patent, Colter et al. (2000) *Proc. Natl. Acad. Sci. USA* **97(7)**:3213-3218, or Caplan (2000) *Clin. Orthop. Relat. Res.* Oct;(379 Suppl):S67-70, all of which expressly or inherently disclose cells within the scope of the Ho claims;

  o as evidenced by one or more of the following: Chan et al. (2013) *Stem Cell Research & Therapy* **4**:120; Kerkela et al. (2013) *Stem Cells Translational Medicine* **2**:510-520; Lee et al. (2009) *Arthritis & Rheumatism* **60(8)**:2325-2332; Aust et al., *Adipose Tissue-Derived Adult Stem Cells: Potential for Cell Therapy*, in Stem Cell Therapy for Autoimmune Disease, ch. 5, pp. 24-30 (Richard K. Burt & Alberto M. Marmont eds., Landes Bioscience 2004); and/or Koninckx et al. (2009) *Cytotherapy* **11(6)**:778-792, which demonstrate that the cells of the primary references co-express CD49c and CD90;

- and optionally in view of one or more of Reykdal et al. *Experimental Hemotology* (1999) **27**:441-450; lvanovic et al. (2000) *Transfusion* **40**:1482-1488; Csete et al. (2001) *Journal of Cellular Physiology* **189**:189-196; Januszewicz et al. (1983) *American Journal of Hematology* **15**:207-217; Held and Sonnichsen (1984) *Prenatal Diagnosis* **4**:171-179; Katahira and Mizoguchi (1987) *International Journal of Cell Cloning* **5**:412-420 and Maeda et al. (1986) *Experimental Hematology* **14**:930-934, all of which demonstrate that human cells grown under low oxygen conditions exhibit increased doubling rates.

## COUNT 1

### DISSATISFACTION WITH INTERFERENCE UNDER 35 U.S.C. § 146

18.     ABT and Regents incorporate paragraphs 1-17 above as if set forth in full herein.

19.     ABT, Regents, and Furcht et al are dissatisfied with the PTAB's Decision that resulted in the entry of Judgment.

20.     Pursuant to 35 U.S.C. §146, ABT and Regents have elected to file suit in this Court for dissatisfaction with the PTAB's Decision and Judgment.  ABT and Regents have not sought review by the United States Court of Appeals for the Federal Circuit of the PTAB's Decision and Judgment.

21.     The PTAB's decisions in the Interference were erroneous and, based on the record before the PTAB and any additional evidence that ABT and Regents may introduce in this action, ABT and Regents are entitled to judgment correcting the erroneous decisions and judgment of the PTAB.

RLF1 11297122v.1

**COUNT 2**

**UNPATENTABILITY OF HO CLAIMS FOR LACK OF
WRITTEN DESCRIPTION AND ENABLEMENT**

22.    ABT and Regents incorporate paragraphs 1-17 above as if set forth in full herein.

23.    Claims 1-11, 57-60 and 63 of the Ho '685 Application and Claims 14, 21, 25, 26

and 97 of the Ho'244 Application are not supported for the breadth of the claims under 35 U.S.C.

112, first paragraph and are not enabled for their full scope.

**COUNT 3**

**THE HO CLAIMS ARE UNPATENTABLE OVER PRIOR ART**

24.    ABT and Regents incorporate paragraphs 1-17 above as if set forth in full herein.

25.    Claims 1-11, 57-60 and 63 of the Ho '685 Application and Claims 14, 21, 25, 26

and 97 of the Ho '244 Application are unpatentable under 35 USC 102(e)/103(a) over U.S.

Patent No. 7,015,037, issued March 21, 2006 ("the Furcht '037 patent") and/or U.S. Patent No.

7,838,289, issued November 23, 2010 ("the Furcht '289 patent).

26.    Claims 1-11, 57-60 and 63 of the Ho '685 Application and Claims 14, 21, 25, 26

and 97 of the Ho '244 Application are unpatentable under 35 USC 103(a) over:

- The Furcht '037 patent, the Furcht '289 patent, Colter et al. (2000) Proc. Natl. Acad.
  Sci. USA 97(7):3213-3218, or Caplan (2000) Clin. Orthop. Relat. Res. Oct;(379
  Suppl):S67-70, all of which expressly or inherently disclose cells within the scope of
  the Ho claims;

  - as evidenced by one or more of the following: Chan et al. (2013) Stem Cell
    Research & Therapy 4:120; Kerkela et al. (2013) Stem Cells Translational
    Medicine 2:510-520; Lee et al. (2009) Arthritis & Rheumatism 60(8):2325-
    2332; Aust et al., Adipose Tissue-Derived Adult Stem Cells: Potential for Cell

8

Therapy, in Stem Cell Therapy for Autoimmune Disease, ch. 5, pp. 24-30 (Richard K. Burt & Alberto M. Marmont eds., Landes Bioscience 2004); and/or Koninckx et al. (2009) Cytotherapy 11(6):778-792, which demonstrate that the cells of the primary references co-express CD49c and CD90;

- and optionally in view of one or more of Reykdal et al. Experimental Hemotology (1999) 27:441-450; lvanovic et al. (2000) Transfusion 40:1482-1488; Csete et al. (2001) Journal of Cellular Physiology 189:189-196; Januszewicz et al. (1983) American Journal of Hematology 15:207-217; Held and Sonnichsen (1984) Prenatal Diagnosis 4:171-179; Katahira and Mizoguchi (1987) International Journal of Cell Cloning 5:412-420 and Maeda et al. (1986) Experimental Hematology 14:930-934, all of which demonstrate that human cells grown under low oxygen conditions exhibit increased doubling rates.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs ABT Holding Corporation and Regents of the University of Minnesota pray for judgment against Defendant Garnet BioTherapeutics, Inc., and respectfully requests the following relief:

1.      The PTAB's September 26, 2014, Judgment is reversed, or in the alternative, vacated and remanded;

2.      The PTAB's decision granting Ho Motion 1 is reversed;

3.      The PTAB's decision granting Ho Motion 2 is reversed, except for the decision that there is no interference-in-fact between the Claims of the Ho applications and the Claims of the Furcht '118 Patent;

9

4.      Judgment that Claims 1-11, 57-60 and 63 of the Ho '685 Application and Claims 14, 21, 25, 26 and 97 of the Ho '244 Application are not supported for the breadth of the claims under 35 U.S.C. 112, first paragraph and are not enabled for their full scope;

5.      Judgment that Claims 1-11, 57-60 and 63 of the Ho '685 Application and Claims 14, 21, 25, 26 and 97 of the Ho '244 Application are unpatentable under 35 USC 102(e)/103(a);

6.      That priority is awarded to Furcht (ABT and Regents) over Ho (Garnet);

7.      Every decision in which the PTAB ruled against Furcht be reversed;

8.      An Order directing the United States Patent and Trademark Office to finally refuse Claims 1-11, 57-60, and 63 of the Ho '685 Application, and Claims 14, 21, 25, 26, and 97 of the Ho '244 Application, and issue the Furcht '256 Application as a United States Patent;

9.      An award to ABT and Regents of their costs and fees incurred in this action; and

10.     Such other and further relief as the Court deems just and appropriate.


                                        /s/ Kelly E. Farnan
                                        Kelly E. Farnan (#4395)
                                        farnan@rlf.com
                                        Richards, Layton & Finger, P.A.
OF COUNSEL:                             One Rodney Square
                                        920 North King Street
R. Danny Huntington                     Wilmington, DE 19801
Sharon E. Crane                         (302) 651-7705
Seth E. Cockrum                         Attorneys for Plaintiffs
Rothwell, Figg, Ernst & Manbeck, P.C.
607 14th Street, N.W., Suite 800
Washington, D.C. 2005
(202) 783-6040


Dated:  December 23, 2014