IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ABT HOLDING COMPANY and REGENTS OF THE UNIVERSITY OF MINNESOTA, <br><br> Plaintiffs, <br><br> v. <br><br> GARNET BIOTHERAPEUTICS, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) Civil Action No. 14-1512-LPS-CJB ) ) ) ) ) |

## REPORT AND RECOMMENDATION

Plaintiffs ABT Holding Company and Regents of the University of Minnesota ("Plaintiffs") filed this action pursuant to 35 U.S.C. § 146, seeking review of the Decision and Final Judgment of the Patent Trial and Appeal Board of the United States Patent and Trademark Office in Interference No. 105,953, declared June 26, 2013, entitled "Tony W. Ho *et al.*, Junior Party v. Leo Furcht *et al.*, Senior Party" ("the Interference"). (D.I. 1) Presently pending before the Court is Defendant Garnet Biotherapeutics, Inc.'s ("Garnet") "Motion to Dismiss the Complaint for Lack of Subject-Matter Jurisdiction[,]" filed pursuant to Federal Rule of Civil Procedure 12(b)(1) (the "motion to dismiss"). (D.I. 12)

Garnet's motion to dismiss is based on the holding of the United States Court of Appeals for the Federal Circuit in *Biogen MA, Inc. v. Japanese Foundation for Cancer Research*, 785 F.3d 648 (Fed. Cir. 2015), *reh'g denied en banc*, slip op. (Fed. Cir. Aug. 12, 2015). (D.I. 13 & ex. A; D.I. 18) In *Biogen*, the Federal Circuit held that "the [Leahy-Smith America Invents Act] eliminated district courts' subject matter jurisdiction under pre-AIA 35 U.S.C. § 146 to review decisions in interference proceedings declared after September 15, 2012." *Biogen*, 785 F.3d at

1

660.

After briefing on the motion to dismiss had concluded, (D.I. 18), Plaintiffs filed a letter indicating that Biogen MA, Inc. had filed a petition for a writ of certiorari with the United States Supreme Court and suggesting that the Court defer any ruling until after the Supreme Court considered the Petition, (D.I. 19). Plaintiffs have acknowledged that the *Biogen* decision "will be determinative as to whether this case should proceed in this Court[.]" (D.I. 15 at 1) On March 21, 2016, the Supreme Court denied Biogen MA, Inc.'s petition for writ of certiorari. *Biogen MA, Inc. v. Japanese Found. for Cancer*, No. 15-607, 2016 WL 1078942, at *1 (Mar. 21, 2016). Pursuant to the Federal Circuit's clear and undisturbed holding in *Biogen*, then, this Court lacks subject matter jurisdiction to review the Interference at issue in this case, which was declared after September 15, 2012.

Where a court finds that it lacks jurisdiction, it may transfer the action "to any other . . . court in which the action or appeal could have been brought[,]" so long as such a transfer "is in the interest of justice[.]" 28 U.S.C. § 1631; (*see also* D.I. 13 at 8 n.5; D.I. 15 at 4). Plaintiffs have requested that in the event this Court determines that it lacks jurisdiction to adjudicate the action, it transfer the action to the Federal Circuit rather than ordering dismissal. (D.I. 15 at 4) Pursuant to 35 U.S.C. § 141, Plaintiffs could have originally filed this action in that Court. (*Id.* (citing *Biogen*, 785 F.3d at 652); *see also* D.I. 13 at 8).

Accordingly, the Court recommends that Garnet's motion to dismiss be GRANTED, and this action be transferred to the Federal Circuit.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections

within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b). The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the district court. *See Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Sincavage v. Barhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006).

The parties are directed to the Court's Standing Order for Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the District Court's website, located at http://www.ded.uscourts.gov.

Dated: March 23, 2016

                                        Christopher J. Burke
                                        UNITED STATES MAGISTRATE JUDGE